879 So.2d 93 (2004)
Ryan PFLAUM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1118.
District Court of Appeal of Florida, Fourth District.
August 4, 2004.
*94 Helene Hvizd Morris, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Ryan Pflaum, has appealed a final adjudication of guilt to the charge of perjury in an official proceeding. Pflaum was sentenced to three years incarceration followed by two years probation. We affirm for the reasons that follow.
Pflaum was charged with making false statements in a deposition and at a subsequent trial. The underlying event leading up to the false statements was a neighborhood fight. Leonard Albritton and Conrad Urbanowski were neighbors who had a history of ill-will toward one another. Pflaum, Urbanowski, and three other individuals were involved in a fight with Albritton. There are two stories of how the fight occurred. Neither one is particularly relevant. What is relevant is that a videotape of the events existed. Albritton was subsequently charged with aggravated battery, and his defense was based upon presentation of this video at trial. However, the very existence of this video was denied by Pflaum in his deposition and his testimony at Albritton's trial. Further, Pflaum falsely testified to the effect that Urbanowski did not have a reputation as a fighter or bully. When the videotape was eventually discovered after Albritton's trial, Pflaum was charged with making false statements and proceeded to trial.
At the perjury trial, Pflaum admitted making the false statements, but his defense was duress or necessity. Specifically, Pflaum testified that while watching the videotape after the fight, Urbanowski told him to testify that he never saw a video camera at the fight or any resultant videotape. Pflaum further testified that Urbanowski threatened him quite a number of times leading up to his deposition if he did not testify as instructed. According to Pflaum, Urbanowski said "you better choose the right side ... don't make any mistakes, or I'll kill you." Additionally, Pflaum's defense put on ample evidence of Urbanowski's cruel and violent character and Pflaum's knowledge of same. Pflaum claims that he lied at his deposition and at Albritton's trial because he feared what Urbanowski would do to him.
In closing argument, the State focused on the immediacy of the alleged threats, arguing that future harm is not a defense to perjury. The State proceeded to argue that:
A threat of future harm is not sufficient to prove this defense. Why? Because then anybody could say that. Anybody could say, I committed the crime because somebody said if I didn't do it, he was gonna kill me. He was gonna beat me up next week. He was gonna shoot my mom in six months from now. Anybody could use it as an excuse rather than a lawful defense.
At the conclusion of the trial, the trial court read in relevant part the following instructions to the jury:

*95 In order to find that the defendants committed perjury in an official proceeding out of duress or necessity you must find the following ... the threatened harm must be real, imminent, and impending.... imminent and impending means the danger or emergency is about to take place and cannot be avoided by using other means. A threat of future harm is not sufficient to prove this defense.
The jury ultimately found Pflaum guilty as charged.
On appeal, Pflaum challenges the trial court's jury instruction that the defense of duress cannot be established by threats of future harm, which he claims erroneously negated his sole defense. We first note that this issue was not preserved for appellate review because there was no contemporaneous objection and this argument is not saved by the fundamental error doctrine.
Florida law recognizes the defense of duress to the charge of perjury. See Hall v. State, 136 Fla. 644, 187 So. 392, 409 (1939). The jury instruction read by the trial court was the standard jury instruction on duress and necessity. See Fla. Std. Jury Instr. (Crim.) 3.6(k). Pflaum concedes that such an instruction may be correct in the context of using a weapon in self-defense, but contends that such an instruction is erroneous in the context of perjury. Pflaum's reasoning is that in such a secure setting as "an official proceeding," it would be absurd to think that anyone could ever have a gun held to one's head while they testify thereby rendering such a defense a factual impossibility. We believe otherwise and view the gun to the head as a metaphorical gun. Certainly there is a way to place imminent and impending coercive pressure on a deponent or witness while they are testifying in an official proceeding. Furthermore, though official proceedings are secure, they are not always private. Imminent and impending danger directed to a close family member, by relay, may also be sufficient.
Our position is also in accord with the case law. "The compulsion or coercion which will excuse the commission of a criminal act must be present, imminent, and impending ... there must be no reasonable opportunity to escape the compulsion without committing the crime. A threat of future injury is not enough." Koontz v. State, 204 So.2d 224, 226 (Fla. 2d DCA 1967).
In Hall and Koontz, convictions for perjury and attempted robbery were reversed because the trial court failed to give [a duress instruction]. The instruction, of course, is proper unless the evidence is such that the trial court can decide, as a matter of law, that the defendant could not reasonably believe that the danger was real or impending... Even if [one] had reasonable grounds to believe that the danger was real, but, as a matter of law, could not reasonably believe that the danger was impending, then the instruction is not required. In this context, the meaning of impending is not merely temporal, i.e., about to take place, but includes whether there is, no matter the lapse of time, a reasonable opportunity to escape the compulsion without committing the crime ... An imminent danger is one which cannot be guarded against by calling for the protection of the law.
Wright v. State, 402 So.2d 493, 497 n. 6 (Fla. 3d DCA 1981) (citations omitted). Consequently, we reject any notion that a special jury instruction need be given for the defense of duress or necessity in a perjury case. See Stephens v. State, 787 So.2d 747, 755 (Fla.2001) ("standard jury instructions are presumed correct and are *96 preferred over special instructions"). We decline to address Pflaum's remaining issue because we find it to be unpreserved.
AFFIRMED.
MAY, J., and BERNSTEIN, SCOTT M., Associate Judge, concur.